# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

BEN VICKS, JR., :
:
    Plaintiff, :
:
VS. :
: **7 : 13-CV-10 (HL)**
Captain RON JAMES, Sergeant LANE, :
and Sergeant V. WILLIAMS, :
:
    Defendants. :
:

## RECOMMENDATION

Presently pending in this action brought pursuant to 42 U.S.C. § 1983 is a Motion for Summary Judgment filed on behalf of the Defendants. (Docs. 25-28 ). The Court notified the Plaintiff of the filing of the Defendants' Motion for Summary Judgment, advised him of his obligations under the law, and directed him to respond thereto within thirty (30) days of the Court's Order. (Doc. 29). The Plaintiff has filed a response to the motion. (Doc. 31).

Plaintiff filed this action in January 2013, raising allegations of unconstitutional conditions of confinement. (Doc. 1). Plaintiff maintains that in September 2012, while he was incarcerated as a pretrial detainee at the Thomas County Jail, he was confined without a mattress for two nights, and was forced to sleep on a steel bed frame. *Id.* According to the Plaintiff, he was in extreme pain from sleeping on the steel bed frame due to a bullet lodged in his back from an old gunshot wound. *Id.* Plaintiff alleges that the sleeping arrangements were put in place as a means of punishment. *Id.* All three Defendants are employed as officers at the Thomas County Jail. Defendant James is the Jail Administrator, Defendant Lane (identified by the Defendants as "Tammy Lang") is a detention officer, and Defendant Williams is the Chief Jailer.

*Standard of Review*

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, the "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(a).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed.R.Civ.P. 56(c)(1).

As the party moving for summary judgment, the defendant has the initial burden to demonstrate that no genuine issue of material fact remains in this case.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Clark v. Coats & Clark, Inc.*, 929 F.2d 604 (11th Cir. 1991).  The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the record, including pleadings, discovery materials, and affidavits, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it".  Fed.R.Civ.P. 56(e)(3).  The Defendants have supported their motion for summary judgment with the affidavit of Defendant James, the incident report regarding events at the Thomas County Jail on September 23, 2012, and the

pleadings on file.  (Docs. 25, 28).

Plaintiff was a pretrial detainee at the Thomas County Jail at the time of the events underlying this lawsuit, and as such, allegations regarding the conditions of his confinement are governed by the Fourteenth Amendment Due Process Clause.  *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 n.3 (11th Cir. 2007).  "[I]n regard to providing pretrial detainees with such basic necessities as food, living space, and medical care the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons."  *Hamm v. DeKalb County*, 774 F.2d 1567, 1574 (11th Cir. 1985).  "[T]he standard for providing basic human needs to those incarcerated or in detention is the same under both the Eighth and Fourteenth Amendments."  *Marsh v. Butler County, Ala.*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007).

To establish a cause of action based on conditions of confinement, a plaintiff must prove both an objective and subjective component.  Such a claim "requires a two-prong showing: an objective showing of a deprivation or injury that is 'sufficiently serious' to constitute a denial of the 'minimal civilized measure of life's necessities' and a subjective showing that the official had a 'sufficiently culpable state of mind.'"  *Thomas v. Bryant*, 614 F.3d 1288, 1304 (11th Cir. 2010) (*quoting Farmer v. Brennan*, 511 U.S. 825, 834 (1994)).

Regarding the objective component of a conditions of confinement claim, "[a] prison condition is unconstitutional only if it deprives the plaintiff of a human need, or otherwise poses an unreasonable risk of serious damage to his future health or safety."  *Evans v. St. Lucie County Jail*, 448 Fed.Appx. 971, 974 (11th Cir. 2011) (*internal citations omitted).*  In order to satisfy the subjective component, the plaintiff must show that the defendants acted with deliberate

indifference, composed of "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence." *Farrow v. West*, 320 F.3d 1235, 1245 (11th Cir. 2003).

According to the affidavit testimony of Defendant James, Defendant Lane contacted James during the late afternoon of September 23, 2012 regarding inmates, including the Plaintiff, "causing trouble in their dorm". (Doc. 28, ¶¶ 8, 9). Lane explained that the Plaintiff and other inmates were "demonstrating threatening behaviors and insisting that they were 'going to buck' – which is jail slang for non-compliance with jail officer's instructions." *Id*. at ¶ 9. Plaintiff and other inmates had taken off their shirts and wrapped them around their faces, which indicated to Defendant James that the inmates "were collectively being non-compliant with officers' instructions . . . [and] that Plaintiff and the other inmates planned to physically confront jail officers." *Id.*

Defendant James then instructed Defendant Lane to radio for back-up assistance, and place the identified inmates in Dorm B1, reserved for isolated confinement for reasons of discipline and security. *Id.* at ¶ 10. James instructed Lane to move the inmates to Dorm B1 without their roll-up mat, but with a blanket and hygiene products. *Id.* at ¶ 11. James states that his

> primary goal was to remove Plaintiff and the other threatening inmates from Dorm B5. Allowing Plaintiff to roll up his mat (which is rolled like a sleeping bag or gym mat) presented a time consuming task that would need to be monitored by Jail officials, and I did not want to risk allowing further exposure of inmates and officers to the hostile situation. Plaintiff's isolated confinement in B1 was also instructed and performed for the purposes of restoring security, order and discipline to the Jail during and after the disturbance cause[d] by Plaintiff and the other inmates. . . I did not instruct for Plaintiff to be place[d] in B1 without his mat for the purpose of inflicting pain. . . I am not now aware of whether Plaintiff has [a bullet lodged in his upper back] or not, and I was not

>aware of that alleged condition or any complaint thereof at the time that I made the instructions to [move Plaintiff] . . . I had no subjective knowledge of an alleged upper back injury to Plaintiff at the time that I made the instructions.

*Id.* at ¶¶ 12-14.

In response to the Defendants' summary judgment motion, the Plaintiff has submitted his alleged "affidavit". (Doc. 31). The Court notes that this document was not signed under oath or in the presence of a notary public, and was not given under penalty of perjury. Plaintiff states that upon his arrival at the Thomas County Jail in 2011, he was given two mats "because of my situation with my back". *Id.* at ¶¶ 3, 4. Plaintiff further states that his medical file reflected his gun shot wound in 2005 or 2006, and that a nurse and other unidentified Thomas County Jail staff members were aware of his "back problem". *Id.* at ¶¶ 5, 6.

According to the Plaintiff, he was told he could not have a mat once he was transferred to Dorm B1, and that Defendant James told Plaintiff on September 25, 2013 that he was placed in the isolation cell without a mat as a form of "disciplinary". *Id.* at ¶¶ 18, 20. Plaintiff maintains that he did not commit any infraction to merit disciplinary action, and that the jail was not under any security risk. *Id.* at ¶¶ 19-22.

Viewing the facts in the light most favorable to the Plaintiff as the nonmoving party, the Plaintiff has failed to establish that the Defendants acted with deliberate indifference to an unconstitutional condition of confinement in the form of confining Plaintiff without a mat for two (2) nights. The Supreme Court has observed that "the Constitution does not mandate comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). "At a minimum, the Eighth

Amendment requires prison officials to provide adequate food, clothing, shelter, and medical care . . . The prisoner bears the burden of proving that the challenged prison condition is 'extreme' and 'pose[s] an unreasonable risk of serious damage to the [prisoner's] health or safety.'" *Alfred v. Bryant*, 378 Fed.Appx. 977, 979 (11th Cir. 2010) *citing Farmer v. Brennan*, 511 U.S. 825, 832 (1994); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004).

The Eleventh Circuit has specifically found that sleeping on an unsanitary eating table or on a dirty mattress on the floor does not violate an inmate's Eighth Amendment rights. *Hamm*, 774 F.2d at 1569. Similarly, in *Alfred v. Bryant*, 378 Fed.Appx. at 980, the Eleventh Circuit found that confinement for eighteen days without a mattress and a properly functioning toilet did not violate the Eighth Amendment. The Court stated that "[o]bjectively speaking, sleeping on a steel bed without a mattress for eighteen days, though uncomfortable, is not so extreme as to violate contemporary standards of decency." *Id.*; *see also Mosley v. Bishop*, 2009 WL 1564778 (S.D.Ala., June 1, 2009 )(finding that inmate was not deprived of any basic human need during 9-day confinement without a mattress or bed linens); *Beard v. Strength*, 2008 WL 2754094 (S.D.Ga., July 14, 2008) (finding that inmates have no absolute right to bedding under the Eighth Amendment). "[T]o make out a claim for an unconstitutional condition of confinement , 'extreme deprivations' are required". *Thomas*, 614 F.2d at 1304, *quoting Hudson v. McMillian*, 503 U.S. 1, 9-10 (1992).

Plaintiff has failed to show that his confinement without a mat, requiring him to sleep on a steel bed frame with a back condition, was an extreme deprivation that "pose[d] an unreasonable risk of serious damage to [his] health or safety". *Chandler*, 379 F.3d at 1289. At the most, the Plaintiff has alleged that the conditions caused him to suffer additional back pain. As the

Defendants point out, the Plaintiff's prison records document Plaintiff's refusal to take his mat with him to isolated confinement on a subsequent occasion, weakening any assertion that the mat was a necessity for the Plaintiff.   (Doc. 28, ¶ 19).   "If prison conditions are merely 'restrictive and even harsh, they are part of the penalty that criminal offenders pay for their offenses against society.'" *Id.*, quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981).   *See also Morefield v. Brewton*, 442 Fed.Appx. 425, 427 (11th Cir. 2011) (plaintiff's conclusory allegations regarding worsened pre-existing medical conditions, after exposure to alleged unconstitutional conditions of confinement, were insufficient to overcome defendants' summary judgment motion).

Even if Plaintiff had established that being confined in a cell with only a bed frame, no mat, with a bullet lodged in his back for two nights was objectively unreasonable, he has not established that the Defendants acted with deliberate indifference to these circumstances.   "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain'." *Id.*   Defendant James' unrefuted testimony establishes that he was responsible for placing Plaintiff in Dorm B1 on the day in question, and that James had no knowledge of Plaintiff's pre-existing bullet wound and back condition.   Plaintiff states in his "affidavit" that a nurse and other jail staff members were aware of his back condition, but does not name any of the Defendants among these staff members.   Plaintiff has not established that the Defendants were aware of, yet disregarded, the conditions of Plaintiff's confinement in segregation on the nights in question.

*Conclusion*

Based on the Plaintiff's failure to establish that the Defendants acted with deliberate indifference to a serious condition of confinement, it is the recommendation of the undersigned

7

that the Defendants' Motion for Summary Judgment be **GRANTED**.

*Objections*

Pursuant to 28 U.S.C. § 636(b)(1), the parties may file written objections to this Recommendation with the Honorable Hugh Lawson, United States District Judge, WITHIN FOURTEEN (14) DAYS after being served with a copy of this Recommendation.

**SO RECOMMENDED**, this 9th day of May, 2014.

                                    s/ ***THOMAS Q. LANGSTAFF***

                                    **UNITED STATES MAGISTRATE JUDGE**